# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 9, 2012

142382

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

SAMBATH CHAN,
        Defendant-Appellant.

_____/

SC: 142382
COA: 301149
Ottawa CC: 08-033004-FH

On order of the Court, the application for leave to appeal the December 28, 2010 order of the Court of Appeals is considered, and it is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

MARKMAN, J. (*concurring*). I concur in the order denying leave to appeal. In 2008, defendant, a noncitizen, pleaded guilty of breaking and entering and possession of an explosive device with malicious intent. Subsequently, the United States Supreme Court held that a criminal defense attorney must "advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Padilla v Kentucky*, 559 US ___; 130 S Ct 1473, 1483; 176 L Ed 2d 284 (2010). Later, in June 2010, defendant filed a motion for relief from judgment, alleging that his trial counsel had provided ineffective assistance of counsel by failing to advise him of the immigration consequences of his guilty plea. The trial court denied this motion, and the Court of Appeals denied leave to appeal. In order to obtain relief, defendant must establish that he was actually prejudiced by his counsel's failure to advise him about the risk of adverse immigration consequences. MCR 6.508(D)(3)(b); *Padilla*, 130 S Ct at 1483. Even assuming that *Padilla* applies retroactively to this case, defendant has failed to present any evidence that he was actually prejudiced by his trial counsel's failure to advise him concerning the risk of adverse immigration consequences. Although defendant filed an affidavit with the trial court, he failed to include in the affidavit any averment that he would not have pleaded guilty but for the lack of advice about possible deportation. In addition, there is no evidence in the record concerning why the Department of Homeland Security is investigating defendant for possible deportation. Therefore, I cannot conclude that the trial court erred by denying defendant's motion for relief from judgment.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 9, 2012

_____
Clerk

h0306